## J. B. D. Vignié v. Gouaux & Viala—C. Rouger, Intervenor.

The substitution of a new lessee to the old one, accompanied by the discharge of the latter, is a nova-
tion, under the second section of Art. 2185 C. C.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

P. S. *Byron*, for plaintiff and appellant. E. *Filleul*, for *Gouaux & Viala*. L. *Castera*, for *Auby D'Ile Roupe*. *Preaux & Derbes*, for C. *Rouger*.

Voorhies, J. The plaintiff proceeded against the defendants, *Gouaux & Vi-
alla* and G. M. *Aubry D'Ile Roupe*, to recover from them *in solido*, the sum of $1,300, for two months' rent actually due and eleven months' rent to be due, monthly, from the month of March, 1857, to the 1st of April, 1858, at the rate of $100 per month. This was the unexpired term of a lease originally executed by the plaintiff to the firm of *Angoz & Co.*, on the third day of April, 1855, for the term of three years.

A writ of provisional seizure was placed into the hands of the Sheriff, who then levied upon certain articles and effects, part of which were found in the leased premises, and part in the possession of *Charles Rouger*, the intervenor.

The latter, in his petition of intervention, claims the ownership of the articles seized in his possession; he further denies the existence of the privilege set up in the plaintiff's demand, and he avers that he was merely the sub-lessee of the de-
fendant, *D'Ile Roupe*, whom he has punctually paid. The petition closes with a claim of $500 damages incurred by the wrongful act of the plaintiff and of the Sheriff, in levying on his property.

The plaintiff, in answer to the demand of C. *Rouger*, sets up anew his right of privilege on the articles claimed, alleging that fifteen days had not elapsed from the time of their removal; and furthermore, that this intervenor and the defen-
dant, *D'Ile Roupe*, who were partners in a tombola enterprize, are colluding for the purpose of defrauding him in this transaction.

The other defendants, *Gouaux & Viala*, state in their answer, that in the month of June of the year 1856, the plaintiffs' lessee, *Angoz & Co.*, transferred to them his lease, expiring on the 1st of April, 1858; that they occupied the premises from the month of June, 1856, until the month of March of the following year, when they themselves transferred and abandoned the lease to *Aubry D'Ile Roupe*, with the consent of the plaintiff, who discharged them from all liabilities, per-
mitting them to remove all that they had on the premises, except a show case, which, by consent, was there left for the purpose of being sold for the respon-
dent's benefit. The detention of this property serves as a basis for a reconven-
tional demand of eight hundred dollars against the plaintiff.

The defence set up by *Aubry D'Ile Roupe*, need not be examined, inasmuch as

he appears before this court as an appellee, and does not pray for an amendment or reversal of the judgment of the District Court.

The evidence establishes satisfactorily that the defendants, *Gouaux & Viala,* have transferred their unexpired lease to *D'Ile Roupe,* their co-defendant ; and that, after making inquiry upon the subject, the plaintiff accepted this substitution or change of lessee. The substitution of a new lessee to the old one, accompanied by the discharge of the latter, is a novation, under the second section of Art. 2185 of the Civil Code.

After a careful examination of the facts, connected with the third opposition filed by *Charles Rouger,* the conclusion forces itself on the mind that, however unfavorable to him the circumstances of the case may appear at first blush, he was not colluding to defraud the plaintiff. Viewed as a sub-lessee (and under the Art. 2696 of the Civil Code, he might well have been the sub-lessee) of *D'Ile Roupe,* the payment of the rent by the former to the latter, even on the day the property in controversy was levied upon, would not of itself implicate fraud and collusion on the part of these parties. For it must be remembered, that *Roupe* held the written obligation of *Rouger,* and had the month previous offered it in payment or in pledge to the plaintiff, for the amount of rent accrued.

The defendants, *Gouaux & Viala,* have established their tittle to the showcase, described in their pleadings ; but as it was with their own consent and for their own benefit, that it was left on the premises, it would be inequitable, in the absence of proof that the plaintiff has disposed of this article or refuses to deliver it, to pass definitively on this part of their case. Their rights in this respect are reserved.

Judgment affirmed.

COLE, J., absent.